**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROY ALLEN GLASS, | ) |
| | ) |
|         Plaintiff, | ) |
|     vs. | )      2:05-cv-232-RLY-WGH |
| | ) |
| BOB NEMERGUT, | ) |
| | ) |
|         Defendant. | ) |

### Entry Discussing Motions for Summary Judgment

For the reasons explained in this Entry, the plaintiff's motion for summary judgment must be denied and that of the defendant must be **granted.**

### I.  Background

Roy Allen Glass ("Glass") filed this action on September 20, 2005, against defendant Father Bob Nemergut.  Glass alleges that while he was housed at the Wabash Valley Correctional Facility ("Wabash Valley"), Father Nemergut failed to process his request to attend his mother's funeral and thereby violated his rights secured by the Eighth Amendment to the United States Constitution and under Indiana law.

The defendant has filed a motion for summary judgment. The plaintiff has opposed the motion and also seeks resolution of his claims through the entry of summary judgment.[1]

### II.  Discussion

*The Federal Claim.* The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo ,* 286 F.3d at 1025). This requirement must be satisfied, however, only to the extent that such remedies are "available." 42 U.S.C. § 1997e(a).

---

**1** The purpose of summary judgment is to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Advisory Committee Note to 1963 Amendment of **FED.R.CIV.P.** 56(e)). A court will grant summary judgment if "'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).  The plaintiff's motion for summary judgment docketed on May 20, 2006, is fully capable of resolution on the basis of the papers already before the court. The defendant's motion for an extension of time in which to respond to the plaintiff's motion for summary judgment is therefore **denied.**

Glass argues that he did all he could to exhaust his administrative remedies. It is undisputed that on August 13, 2005, Glass filed a grievance, WVD-2005-8-50, alleging that Father Nemergut failed to turn in the paperwork to allow Glass to attend his mother's funeral on August 9, 2005.  He appealed the grievance through the third step of the five- step process. Glass signed his step 2 appeal on September 2, 2005. The response was signed by the grievance specialist on September 29, 2005.  Glass signed his step 3 appeal on October 19, 2005. Effective December 1, 2005, Wabash Valley implemented a new offender grievance procedure, and all inmates were instructed to re-file any pending grievances which had not reached step 4, under the new grievance system.

Glass filed this action on September 20, 2005. The undisputed record shows that Glass filed this action before completing even step 2 of the grievance process. Accordingly, the defendant's motion for summary judgment, based on his argument that Glass failed to exhaust available administrative remedies prior to filing this action, must be **granted**. The court does not address the remaining arguments pertaining to the motion for summary judgment, those being that there was no violation of Glass' federally secured rights. *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999).

*The Pendent State Law Claim.* Glass asserts a claim under Indiana state law for negligence.

However, the dismissal of the federal claim at this juncture (before trial) compels dismissal of the supplemental claim under Indiana state law. *Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 300 (7th Cir. 2003) (citing *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that once all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolv[e] them on the merits.")).

### III.  Conclusion

For the reasons explained in Part II of this Entry, the defendant's motion for summary judgment is granted, and the plaintiff's motion for summary judgment is denied.

The federal claim is dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). The pendent claim under state law is dismissed for lack of jurisdiction.

The status conference set for September 18, 2006, is **vacated.**

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  06/02/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana